### STANDARD CHARTERED BANK, Plaintiff–Appellee,

v.

### AWB (USA) LTD., Defendant–Appellant.

#### No. 08–0429–cv.

United States Court of Appeals, Second Circuit.

Aug. 31, 2009.

---

Marc J. Gottridge (Eric D. Statman, Lisa J. Fried, on the brief), Lovells LLP, New York, NY, for Plaintiff–Appellee.

Stanley McDermott III (Camilo Cardozo, on the brief), DLA Piper U.S. LLP, New York, NY, for Defendant–Appellant.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant AWB (USA) Ltd. appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) in favor of Plaintiff Standard Chartered Bank in the amount of $23,859,775.70, plus additional prejudgment interest, and costs. The court imposed liability based on its finding that the defendant "breached its duty of cooperation and caused Standard Char-

tered to be deprived of its reasonable expectation to enjoy both the CCC guarantee for 65 percent of the price and ANZ Bank's 35 percent guarantee of the balance." *Standard Chartered Bank v. AWB (USA) Ltd.,* 05 Civ.2013(AKH), 2008 WL 144698, at *12, 2008 U.S. Dist. Lexis 2875, *35 (S.D.N.Y. Jan. 14, 2008).

We find ourselves unable to review the correctness of the district court's judgment because its opinion fails to furnish explanatory information and findings we think are essential to appellate review. In accordance with the procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), we therefore remand for reconsideration and clarification.

The issues we request the district court to address are as follows:

(1) What exactly are the actions or omissions of the defendant and/or its Geneva affiliate which form the basis of the court's finding of breach of contractual obligations to Standard Chartered? If the court finds that the defendant or its affiliate misrepresented, concealed, or withheld information, exactly what was the information misrepresented concealed, or withheld? Specify, if possible, what exactly were the communications that misrepresented, concealed, or withheld the information.

(2) Was the information misrepresented, concealed, or withheld factual information about details of the transaction and the guarantee or information about rules of law, such as the legal rules governing the CCC's right of recoupment of its guarantee payments? If the information misrepresented, concealed or withheld was of the governing rules of law, do a contracting party's obligations of good faith and fair dealing under the circumstances of this case include an

obligation to advise one's counterparty about the relevant rules of law, or to correct the counterparty's mistaken beliefs about the rules of law, of which the contracting party is aware?

(3) Was the defendant or its affiliate aware that Standard Chartered had a mistaken belief about the facts of, or the rules governing, the transaction? How did it become aware of Standard Chartered's mistaken beliefs?

(4) Would the furnishing of that additional information, which the court finds was wrongfully misrepresented, concealed or withheld, have altered Standard Chartered's decision to enter into the contract?

(5) What findings, if any, does the district court make regarding the testimony of Mr. Rihs and of Mr. Brotherton, and any inconsistencies between them, about the information communicated to Standard Chartered during the contract negotiations, especially with regard to Standard Chartered's knowledge of AWB (Geneva)'s receipt of collateral from the importers? *See, e.g.,* J.A. 470–76, 516–18 (Rihs testimony); J.A. 577–79, 652 (Brotherton testimony).

(6) If the contract negotiations were exclusively between Standard Chartered and the defendant's Geneva affiliate, without participation by the defendant, clarify the basis for imposing liability on the defendant.

By seeking these further explanations and findings, this court implies nothing one way or the other as to the correctness of the judgment entered by the district court. The district court should feel free to confer with counsel in deciding how to respond, and to engage in any additional fact finding or taking of evidence which it deems helpful in answering the questions.

The district court is free upon reconsideration either to adhere to its previous judgment, furnishing the additional explanations and findings requested above (together with any further discussion the court finds helpful), or to change its ruling. If the court adheres to its prior ruling, it would be helpful in this complex case for the court to produce a complete revised opinion setting forth its Findings and Conclusions incorporating the additional matter, rather than a supplemental document to be read in conjunction with the previous opinion, which might cause confusion.

This court would welcome an answer within ninety days of this order. If, however, the district court requires additional time, it should feel free to take additional time, notifying this court of its decision to do so.

In the event the district court adheres to its prior judgment, and the defendant wishes to restore its appeal to this court's active calendar, the defendant must so advise the Clerk of this court in writing, within 60 days of the entry of the district court's revised ruling. The parties should consult with the clerk as to whether new briefs will be filed, or whether the previously filed briefs will be supplemented by new letter briefs, together with a new appendix containing at least the district court's revised Findings and Conclusions and any new appropriate material not contained in the Joint Appendix.

In the event the district court amends its judgment, and either party wishes to take appeal from the amended judgment, the appealing party must file a new notice of appeal from the amended judgment and proceed as it would in a new appeal. The two volumes of Joint Appendices already filed will continue to serve in the new appeal, but should be supplemented by an

additional appendix including the district court's new judgment and Findings and Conclusions, plus any additional appropriate material.

Regardless of whether a new appeal is filed from a new judgment or this appeal from the existing judgment is restored to this court's active calendar, the appeal will be referred to this panel. The party initiating the restored or new proceedings in the Court of Appeals is directed to advise the Clerk in writing of this order that the appeal be referred to this panel.

For the reasons set forth above, the matter is remanded to the district court for further proceedings consistent with this order.